## A. W. ENGLAND *v.* JOHN SWEENEY.

**Pleadings—Counter-claim—Demurrer Sustained—No Reply Permitted.**
> By Section 132, Civil Code, it is expressly provided that there shall be no reply except upon the allegations of a counter-claim or set-off in the answer. After the counter-claim is rejected there is nothing to reply to.

### APPEAL FROM MARION CIRCUIT COURT.

January 27, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The facts set forth in the answer did not constitute a counter-claim nor set-off, and the demurrer of appellee to so much of the answer as was attempted to be pleaded as a counter-claim was properly sustained; after which it was erroneous to permit appellee to file a reply.

By Sec. 132 Civ. Co. it is expressly provided that there shall be *no reply* except upon the allegation of a counter-claim or set-off in the answer. After the counter-claim had been rejected, there was nothing to reply to, and appellants' objections to filing it should have been sustained.

The substance of the covenant sued on is that appellants bound themselves to take appellee to learn the trade of a blacksmith. He was to strike two years, after which he was to have the privilege of working 18 months at a fire, and be sent to school five months,

but there is no express undertaking in the writing, or words indicating an obligation on appellants to give up the *control* of a fire to appellee which confer on him the right to direct the uses, and purposes to which that fire should be devoted. Instruction No. 1, given on motion of appellee, was prejudiced to appellants, in telling the jury that it was their duty under the contract to give the use "and control" of a fire to appellee. Nor did the loss of employment constitute an element of damages. The time in which he was to be engaged at the fire would have been or the profits of his labor during that time would have belonged to appellants. The loss he sustained by reason of being deprived of the instructions and consequent progress he would have made in learning said trade by appellants' failure to put him to work at a fire was the proper criterion of damages.

Again by the terms of the contract appellee was to strike two years, and until he had thus worked for that period he was not entiled to a fire. Instruction No. 10 asked by appellants should therefore have been given.

Wherefore the judgment is *reversed* and the cause is remanded with directions to award a new trial and for further proceedings not inconsistent with this opinion.

*Harrison, for appellee.*

*Rountree & Fogle, for appellant.*